**David Marlon LANGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46603.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Ralph Gismant, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted on February 12, 1971, for theft over $50.00 and placed on probation for three (3) years, conditioned that he violate no law.

After hearing, his probation was revoked on April 19, 1972, hence this appeal.

Motion to revoke probation alleged aggravated assault on Mrs. Jones.

On Sunday, March 13, 1972, Mrs. Ester Ruth Jones had a date with appellant. At about 12 a. m. the appellant left the V.F.W. hall in Garland to take Mrs. Jones to her home in Pleasant Grove. The appellant, however, stopped on a secluded road and kissed Mrs. Jones several times and attempted to "go further," but Mrs. Jones resisted his advances and emphatically told appellant, "No." Appellant started his car and again proceeded to take Mrs. Jones home, but he stopped and ordered her out of his car. She refused and appellant hit her twice, once very hard. Mrs. Jones escaped appellant by getting out of his car, and appellant drove off leaving Mrs. Jones on the secluded road.

She started walking and was soon picked up by a truck driver, who gave her a ride until his route turned away from the direction to her home. Mrs. Jones then started walking again and was picked up after a considerable length of time by a police officer. The officer arranged for Mrs. Jones' sister's boy friend to escort her home.

Mrs. Jones subsequently filed charges against the appellant and the Dallas County Sheriff's Department took pictures of her face. The pictures revealed that her left eye was quite bruised and swollen. The pictures did not show the nose bleed she also suffered.

Mrs. Jones, however, later wrote a letter to the trial judge requesting that the charges against the appellant be dropped when she learned that his probation may be revoked. She also testified that she was now a friend of the appellant. The appellant's employer, A. J. Blance, testified that appellant had been a good employee after he straightened out his absenteeism.

Appellant testified that Mrs. Jones' testimony was substantially correct and that he realized what he had done was seriously wrong. He also testified he had custody of his four year old son from his first marriage and he was paying child support to his second wife to support his second child until he was arrested. The appellant at the time of the assault on Mrs. Jones was twenty-two years of age and was no longer married. Appellant was also on probation for misdemeanor aggravated assault at the time of his hearing to revoke his felony probation.

Appellant complains that the trial court abused its discretion in revoking his probation, particularly after the injured person attempted to have the charges dropped.

■ The fact that the prosecutrix sought to have the charges withdrawn is in no manner controlling, if the evidence was sufficient to support the decision of the court. We hold that it was.

■ Revocation of probation is a matter within the discretion of the trial court. (See the many cases collated under note 29, Art. 42.12, Vernon's Ann.C.C.P.). We find no abuse of that discretion here.

The judgment is affirmed.

Opinion approved by the Court.